# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
     :
     : CRIMINAL NO. 5:18-cr-00545-EGS
     v.      :
     :
JOHN JOSEPH KRASLEY      :

## ORDER

AND NOW, this _____ day of September 2019, after consideration of *Defendant John Joseph Krasley's Motion* Motion to Suppress Physical Evidence, and the government's response thereto, it is hereby ORDERED that the Motion is GRANTED. Any and all physical evidence, including derivative evidence, as detailed in defendant's motion is hereby SUPPRESSED. Such evidence shall be inadmissible in the Government's case in chief at trial.

In the alternative, a hearing on the merits of this *Motion* where the arresting officers can testify, if necessary, is scheduled on _____, 2019.


_____
Edward G. Smith, J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA

           v.

JOHN JOSEPH KRASLEY

    :
    :
:CRIMINAL NO. 5:18-cr-00545-EGS
    :
    :

## Defendant John Joseph Krasley's Motion to Suppress Physical Evidence

To the Honorable Edward G. Smith, A Judge of the Said Court:

For the reasons set forth below, Defendant, John Joseph Krasley (Krasley), by his attorneys, R. Patrick Link, Esq. and Arthur Donato, Jr., Esq. , respectfully moves this Court to suppress all physical evidence, including derivative evidence, recovered in connection with searches addressed herein in the above-captioned criminal action. As grounds it is stated:

1.    On or about November 29, 2018, the Indictment in this case was filed charging Defendant, Krasley with child pornography offenses in violation of 18 U.S.C. § 2252.

2.    On December 21, 2018, Krasley was arraigned and entered a plea of not guilty. Krasley is currently detained pending trial.

3.    Trial is currently scheduled for October 25, 2019.

4.    The indictment charges Krasley with 14 separate instances of distributing, transporting, receiving, or accessing child pornography between March 4, 2013 and June 27, 2018.

5.    The Government alleges that evidence was obtained from a variety of different sources including previously executed search warrants at Krasley's home in 2006, 2009 and July 2013. No contraband was recovered in any of the searches when the warrants were executed.

6.    Although no contraband was found in any of the three previous searches, the Government used those prior searches as the primary basis for filing *Application of the United States of America for an Order Authorizing the Interception of Electronic Communication to and From the Target Account*(Title III) seeking to intercept a Penteldata Internet Account which the Government alleges belonged to Krasley.

7.

Additionally, the Government used the three previous searches in 2006, 2009 and 2013 to support applications for pen registers from time periods between December 2014 and June 2018.

8. The Title III application was granted by Hon. Mark A. Kearney on November 20, 2017 and the intercept took place from November 22, 2017 to December 19, 2017.

9. As a search and seizure, Title III interceptions are subject to the Fourth Amendment just as more traditional searches. For starters, this means that the government must secure a court order permitting the interception after a probable cause showing that a listed crime has occurred or will occur and that particular communications concerning that crime will be obtained through the intercept. 18 U.S.C. § 2518(3).

10. Because of the Government's reliance on the prior searches where no contraband was recovered and the lack of sufficient evidence demonstrating that Krasley was the person using the wiretapped internet account, we believe that the Title III Application filed by the Government did not provide a substantial basis for concluding that probable cause existed to conduct the Title III wiretap.

11. The Government wants to have it both ways. While acknowledging that the three previous searches turned up no evidence and no charges were filed against Krasley, they want to use the fact that three search were conducted to support their application for a 4th attempt to investigate Krasley.  The Government attempts to use evidence which they were unwilling or unable to present to a grand jury to indict Krasley on two previous occasions to support the finding of probable cause in the 2017 Title III application granted by Judge Kearney.

12. We acknowledge that probable cause is a "fluid concept" that "turn[s] on the assessment of probabilities in particular factual contexts." *United States v. Stearn*, 597 F.3d 540, 555 (3rd Cir. 2010). When presented with an application for a search warrant, the magistrate must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.*  Because the 2017 Title III application did not provide a substantial basis for concluding that probable cause existed, the decision by Judge Kearney should not be affirmed even with the usual deference granted to decisions whether to grant warrant applications by the Government.

3

13. Although we recognize that a good faith exception is generally applicable and a court should not suppress evidence seized under a warrant's authority, even if that warrant is subsequently invalidated, unless "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *United States v. Zimmerman*, 277 F.3d 426, 436 (3d Cir.2002) (quoting *Leon*, 468 U.S. at 922 n. 23, 104 S.Ct. 3405). In "narrow circumstances," however, the good faith doctrine is not sufficient to override the warrant's lack of probable cause. Relevant for our purposes, the good faith exception does not apply where the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 923, 104 S.Ct. 3430 (citation and quotation omitted). *Id.*

14. There are situations, however, where "an officer's reliance on a warrant would not be reasonable and would not trigger the [good faith] exception." See *United States v. Zimmerman*, 277 F.3d 426 (3rd Cir. 2002)(finding that warrant application for search for child pornography so lacked the indicia was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable). We have identified four such situations:

1. Where the magistrate issued the warrant in reliance on a deliberately or recklessly false affidavit;

2. Where the magistrate abandoned his or her judicial role and failed to perform his or her neutral and detached function;

3. Where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or

4. Where the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

15. Because the Title III application was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, the good faith exception should not apply.

16. Additionally, the good faith exception should be inapplicable because the agents executing the search were involved with the preparation of the affidavit which they knew or should have known lacked probable cause.

17. Because the Title III application clearly lacks probable cause and the good faith

exception should be inapplicable in the instant matter, any evidence recovered by the Government during the interception should be suppressed.

18.     Evidence of the previous searches in 2006, 2009 and 2013 combined with evidence obtained from the Title III wiretap were integral in obtaining numerous search warrants and other electronic interceptions in the instant matter.

19.     The exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or seizure, *Weeks v. United States*, 232 U.S. 383 (1914), but also evidence later discovered and found to be derivative of an illegality or "fruit of the poisonous tree." *Nardone v. United States*, 308 U.S. 338, 341 (1939). It "extends as well to the indirect as the direct products" of unconstitutional conduct. *Wong Sun v. United States*, 371 U.S. 471, 484 (1963).

20.     Because the evidence recovered from the Title III interception was illegally obtained because the application lacked probable cause, any and all warrant and electronic interception applications which rely on evidence obtained in the Title III interception must be suppressed as "fruit of the poisonous tree".

21.     The following searches and electronic interceptions conducted by the Government which should be suppressed as fruit of the poisonous tree include:

a.     The Search Warrants approved on November 28, 2018 by Judge Sitarski(Docket no. Mag. 18-1915) to search: (1) 3348 Willow Run Road, Kutztown, PA 19530 and out buildings; (2) the person of John J. Krasley; (3) 2013 Chevy Impala PA-KRR2619; and (4) 2013 Ford F150 PA-YCW3481;

b.     Applications for Trap and Trace Device filed on November 7, 2018(Mag no. 18-1807) signed by Judge Sitarski on November 26, 2018 and any other applications for Trap and Trace Devices for routers or other devices operating at 3348 Willow Run Road, Kutztown, PA 19530; and

c.     Search Warrant approved on November 8, 2018 by Judge Rice(Docket No. 18-1830) for Cellular Telephone with number 484-515-9377

22. Because of their reliance on evidence of the previous searches in 2006, 2009 and 2013 combined with evidence illegally obtained from the Title III wiretap, the warrants and electronic interceptions in the instant matter listed above should be suppressed as fruits of the poisonous tree.

23. However, the affidavits for each of the warrants and applications listed above, individually, fail to provide a substantial basis for concluding that probable cause existed to conduct each of the searches as requested in the warrants approved in 2018.

WHEREFORE, for the reasons set forth in this motion and accompanying memorandum of law, John Joseph Krasley, respectfully moves this Court to grant the instant motion to suppress.

Respectfully Submitted,

S/Robert Patrick Link

Robert Patrick Link, Esq.
Link Law, LLC
100 South Broad Street, Suite 1910
Philadelphia, PA 19110
Co-Counsel for Defendant
John Joseph  Krasley
Telephone # - 267-858-4474
e-mail - rplink@linklawphilly.com

Dated:9/2/19

### Affidavit of Service

I hereby certify that the original of the foregoing *Defendant John Joseph Krasley's Motion to Suppress* has been filed electronically and is available for viewing and downloading from the ECF system. I further hereby certify that a copy of the foregoing has been served upon the following by e - mailing same on this date:

Albert Glenn, AUSA

United States Attorney's Office

Suite 1250, 615 Chestnut Street

Philadelphia, Pennsylvania 19106

Respectfully Submitted,

S/Robert Patrick Link

Robert Patrick Link, Esq.
Link Law, LLC
100 South Broad Street, Suite 1910
Philadelphia, PA 19110
Co-Counsel for Defendant
John Joseph  Krasley
Telephone # - 267-858-4474
e-mail - rplink@linklawphilly.com

Dated:9/2/19