# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| V. | : | CRIMINAL NO. 18-545 |
| JOHN JOSEPH KRASLEY | : | |

## UNITED STATES' TRIAL MEMORANDUM

## INTRODUCTION

Defendant John Krasley distributed child pornography to undercover agents, uploaded it to websites, downloaded it from the internet, and accessed child pornography on the internet with the intent to view it.   He committed these crimes between March 4, 2013 and June 27, 2018. Krasley committed these violations while connected to the internet from his home's internet connection in rural Kutztown, Pennsylvania.   In charging these crimes, the grand jury returned a 14-count indictment charging six counts of distribution, two counts of transportation, two counts of receipt and four counts of access with intent to view child pornography.   The government files this trial memorandum for the assistance of the Court and in compliance with the Court's order of August 30, 2019 (Docket No 45).   At the motions hearing on October 9, 2019, the Court extended the time to file this Trial Memorandum to October 15, 2019.

## I.    Indictment Summary

The government presents the below summary of the indictment's charges.   The government expects to use a version of this chart during opening statement and closing argument to provide the jury with a summary of the indictment:

1

| Ct | Date | Charge | Description |
| --- | --- | --- | --- |
| 1 | March 4, 2013 | Distribution | Gigatribe exchange with UC HSI agent |
| 2 | August 24, 2014 | Distribution | Gigatribe exchange with UC HSI agent |
| 3 | April 3, 2015 | Distribution | Gigatribe exchange with UC HSI agent |
| 4 | Dec 31, 2016 | Transportation | Uploaded file to Chatstep |
| 5 | Feb 6, 2017 | Distribution | Gigatribe exchange with UC Swiss LE agent |
| 6 | Oct 13, 2017 | Distribution | Gigatribe exchange with UC FBI TFO |
| 7 | Nov 24, 2017 | Access w/ intent to view | Clicked on link at funkyimg.com |
| 8 | Nov 24, 2017 | Receipt | 2 links on PutVid.net |
| 9 | Dec 2, 2017 | Access w/ intent to view | Accessed links at #boypicpaste |
| 10 | Dec 7, 2017 | Access w/ intent to view | Accessed links at funkyimg.com |
| 11 | Dec 12, 2017 | Transportation | Uploaded image to picpaste.com |
| 12 | Dec 12, 2017 | Access w/ intent to view | Accessed the uploaded image at picpaste.com |
| 13 | March 14, 2018 | Receipt | 2 links on PutVid.net |
| 14 | June 27, 2018 | Distribution | Gigatribe exchange with UC FBI TFO |

## II.     The Offenses

This section will set out the offenses charged, the relevant statutory language, and the elements of these offenses that the government must prove beyond a reasonable doubt.

### a.   Distribution of Child Pornography

Counts 1, 2, 3, 5, 6, and 14 charge Krasley with distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2).   That statute reads, in relevant part:

(a) Any person who –

    **(2)** knowingly . . . distributes, any visual depiction using any means or facility of interstate or foreign commerce . . . or that has been shipped or transported in or affecting interstate or foreign commerce, . . . by any means including by computer, . . if--

        **(A)** the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

        **(B)** such visual depiction is of such conduct;

. . .

    shall be punished as provided in subsection (b) of this section

18 U.S.C. § 2252(a)(2).

In order to prove a violation of 18 U.S.C. § 2252(a)(2), distribution of child pornography,

the government must show, as relevant here:

    1.    the defendant knowingly distributed a visual depiction;

    2.    the visual depiction was distributed in or affecting interstate or foreign commerce;

    3.    the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrays that minor engaged in that conduct; and

    4.    the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor engaged in that conduct.

3 Modern Federal Jury Instructions-Criminal P 62-12 (2019).

    b.    <u>Transportation of Child Pornography</u>

Counts 4 and 11 charge Krasley with transporting child pornography, in violation of 18

U.S.C. § 2252(a)(1).   That statute reads, in relevant part:

(a)   Any person who –

**(2)** knowingly transports . . . using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, . . . by any means including by computer, . . . any visual depiction, if--

> **(A)** the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
>
> **(B)** such visual depiction is of such conduct;

. . .

shall be punished as provided in subsection (b) of this section

18 U.S.C. § 2252(a)(1).

In order to prove a violation of 18 U.S.C. § 2252(a)(1), transportation of child pornography, the government must show, as relevant here:

1. the defendant knowingly transported a visual depiction;

2. the visual depiction was transported in or affecting interstate or foreign commerce;

3. the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrays that minor engaged in that conduct; and

4. the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor engaged in that conduct.

3 Modern Federal Jury Instructions-Criminal P 62-12 (2019).

c. <u>Access With Intent to View Child Pornography</u>

Counts 7, 9, 10, and 12 charge Krasley with accessing child pornography with the intent to view that child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).   That statute reads, in relevant part:

(a)  Any person who –

**(4)(B) . . .** knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that . . . has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, . . . by any means including by computer, . . . if--

    **(i)** the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

    **(ii)** such visual depiction is of such conduct;

shall be punished as provided in subsection (b) of this section

18 U.S.C. § 2252(a)(4)(B).

In order to prove a violation of 18 U.S.C. § 2252(a)(4)(B), accessing child pornography with intent to view that child pornography, the government must show, as relevant here:

1. the defendant knowingly accessed a visual depiction;

2. the visual depiction was transported in or affecting interstate or foreign commerce;

3. the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrays that minor engaged in that conduct; and

4. the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor engaged in that conduct.

3 Modern Federal Jury Instructions-Criminal P 62-12 (2019).

    d. <u>Receipt of Child Pornography</u>

Counts 8 and 13 charge Krasley with receipt of child pornography, in violation of 18 U.S.C. §2252(a)(2). That statute reads, in relevant part:

(b) Any person who –

**(2)** knowingly receives . . ., any visual depiction using any means or facility of interstate or foreign commerce . . . or that has been shipped or transported in or affecting interstate or foreign commerce, . . . by any means including by computer, . . . if--

     **(A)** the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

     **(B)** such visual depiction is of such conduct;

. . .

shall be punished as provided in subsection (b) of this section

18 U.S.C.A. § 2252(a)(2).

In order to prove a violation of 18 U.S.C. § 2252(a)(2), receipt of child pornography, the government must show, as relevant here:

1.    the defendant knowingly received a visual depiction;

2.    the visual depiction was transported in or affecting interstate or foreign commerce;

3.    the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrays that minor engaged in that conduct; and

4.    the defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and portrayed a minor engaged in that conduct.

3 Modern Federal Jury Instructions-Criminal P 62-12 (2019).

**III.    Facts**

The government will prove each of the above offenses beyond a reasonable doubt, offering both documentary and testimonial evidence.

a.  <u>Distribution of Child Pornography</u>

The indictment charges Krasley with six counts of distribution of child pornography.   In

each case, the distribution occurred on the internet to an undercover law enforcement agent. Each distribution occurred using an internet connection through the website Gigatribe. Gigatribe is a peer-to-peer file sharing network run by a company in France that allows users to connect to each other over the internet to chat online.   Gigatribe also provides the ability for the participants to share pictures, videos, or other files from their computers.   When two people are connected on Gigatribe, they are connected directly, and can share files from their own computer to the other's computer by allowing the other participant to download these files.   In Krasley's case, all the files were password protected, and in each case Krasley gave the password to the undercover agent, thus allowing the agent to download child pornography files from Krasley's computer.   Gigatribe is often used by those who trade child pornography because the transmissions are encrypted.

1.   March 4, 2013 (Count 1)

On March 4, 2013, at approximately 10:49 AM, Homeland Security Investigations (HSI) Special Agent (SA) Patrick McCall was investigating child pornography trading.   SA McCall was signed on to an undercover account at gigatribe.com, and saw that another Gigatribe user using the name "looking2allu2day" was sharing files within several password-protected folders. At this time, SA McCall began a chat session with "looking2allu2day."   Within the chat session, "looking2allu2day" told SA McCall the password for his folders is "boysrgreat."   SA McCall accessed the password-protected folders posted by "looking2allu2day," using the password "boysrgreat."   Within the folder, SA McCall viewed a large number of image files depicting child exploitation material.   SA McCall selected 50 image files and successfully downloaded these files from "looking2allu2day."   Each of these files was an image of a minor engaged in

sexually explicit conduct, produced using a minor engaged in such conduct.

Using a commercially available program, SA McCall was able to see that "looking2allu2day's" computer was then connected to the internet from Internet Protocol (IP) address 24.102.246.88.1   This IP address was owned by the Internet Service Provider PenTeleData.   Records of PenTeleData stated that at the time of the Gigatribe sharing, that IP address was assigned to Krasley's residence in rural Kutztown, Pennsylvania.

### 2.   August 24, 2014 (Count 2)

On August 24, 2014, at approximately 9:19 AM, SA McCall was signed on to an undercover account at gigatribe.com, and saw that another Gigatribe user using the name "somethingnew" was sharing files within several password-protected folders.   SA McCall began a chat session with "somethingnew" who stated that his age preference was "12." "Somethingnew" told SA McCall the password for his folders and SA McCall accessed the password-protected folders.   SA McCall selected 51 image files and successfully downloaded these files from "somethingnew."   Each of these files was an image of a minor engaged in sexually explicit conduct, produced using a minor engaged in such conduct.

Using a commercially available program, SA McCall was able to see that "somethingnew"'s computer was then connected to the internet from IP address 24.115.237.167,

---

1 The Internet Protocol address (IP address) is a unique numeric address used by computers on the Internet. An IP address looks like a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet Service Providers, like PenTeleData, control a range of IP addresses, which they assign to their subscribers. No two computers on the Internet can have the same IP address at the same time. Thus, at any given moment, an IP address is unique to the internet connection to which it has been assigned.

which was owned by PenTeleData.   Records of PenTeleData stated that at the time of the

Gigatribe sharing, that IP address was assigned to Krasley's residence in rural Kutztown,

Pennsylvania.

### 3.   April 3, 2015 (Count 3)

On April 3, 2015, at approximately 11:56 AM, SA McCall was signed on to an

undercover account at gigatribe.com, and saw that another Gigatribe user using the name

"anythingnew" was sharing files within several password-protected folders.   SA McCall began a

chat session with "anythingnew" who stated that his interest was in "boys."   "Anythingnew"

told SA McCall the password for his folders and SA McCall accessed the password-protected

folders.   SA McCall selected 19 image files and successfully downloaded these files from

"anythingnew."   Each of these files was an image of a minor engaged in sexually explicit

conduct, produced using a minor engaged in such conduct.

Using a commercially available program, SA McCall was able to see that

"somethingnew's" computer was then connected to the internet from IP address 24.229.229.187,

which was owned by PenTeleData.   Records of PenTeleData stated that at the time of the

Gigatribe sharing, that IP address was assigned to Krasley's residence in rural Kutztown,

Pennsylvania.

### 4.   February 6, 2017 (Count 5)

On February 6, 2017, at approximately 2:08 PM EST (8:08 PM CET), Officer Gilles

Zuercher of the Swiss Federal Police was signed on to an undercover account at gigatribe.com,

and saw that another Gigatribe user using the name "Slick2you14" was sharing files within

several password-protected folders.   Officer Zuercher began a chat session with "Slick2you14"

who then told Officer Zuercher the password for his main folder.   Officer Zuercher opened the folder and downloaded twelve still images and two videos of child exploitation material.   Each of these files depicted minors engaged in sexually explicit conduct, and each was produced using minors engaged in such conduct.

Using a commercially available program, Officer Zuercher was able to see that "Slick2you14's" computer was then connected to the internet from IP address 24.229.229.187, which was owned by PenTeleData.   Records of PenTeleData stated that at the time of the Gigatribe sharing, that IP address was assigned to Krasley's residence in rural Kutztown, Pennsylvania.   Krasley has stipulated to the substance of Officer Zuercher's testimony.

### 5.   October 13, 2017 (Count 6)

On October 13, 2017, at approximately 3:06 PM, Task Force Officer Carlton Turner, with the FBI in Buffalo New York, was signed on to an undercover account at gigatribe.com, and saw that another Gigatribe user using the name "Slick2you10" was sharing files within a password-protected folder.   TFO Turner began a chat session with "Slick2you10" who then told TFO Turner the password for his folder.   TFO Turner opened the folder and downloaded 99 images, most of which were of child exploitation material.   Each of these child exploitation files depicted minors engaged in sexually explicit conduct, and each was produced using minors engaged in such conduct.

Using a commercially available program, TFO Turner was able to see that "Slick2you10's" computer was then connected to the internet from IP address 24.115.239.74, which was owned by PenTeleData.   Records of PenTeleData stated that at the time of the Gigatribe sharing, that IP address was assigned to Krasley's residence in rural Kutztown,

Pennsylvania.

### 6. June 27, 2018   (Count 14)

On June 27, 2018, at approximately 5:21 PM TFO Turner was signed on to an undercover account at gigatribe.com, and saw that another Gigatribe user using the name "Thesunshines" was sharing files within password-protected folders.   TFO Turner began a chat session with "Thesunshines" who then told TFO Turner the password for his folder.   TFO Turner opened the folder and downloaded numerous images of child exploitation material. Each of these child exploitation files depicted minors engaged in sexually explicit conduct, and each was produced using minors engaged in such conduct.

Using a commercially available program, TFO Turner was able to see that "Thesunshines'" computer was then connected to the internet from IP address 24.115.239.110, which was owned by PenTeleData.   Records of PenTeleData stated that at the time of the Gigatribe sharing, that IP address was assigned to Krasley's residence in rural Kutztown, Pennsylvania.

### b. Transportation of Child Pornography

Counts 4 and 11 charge Krasley with transporting child pornography.   In each case, Krasley uploaded a child exploitation image from his home computer to a location on the internet.

### 1. December 31, 2016 (Chatstep) (Count 4)

Chatstep hosts a website located at www.chatstep.com that allows users to chat anonymously.   Users are able to create or join already created chat rooms, and are able to change their usernames any time they wish.   Messages, images, and other files can be sent to

others within the chat rooms.   No user registration is required, however Chatstep automatically stores room entry records which include a user's nickname, the room visited, the IP address of the user, the source port number of the user, and the date/time the user was present in the room.

Chatstep reported that on December 31, 2016 at 04:11:25 UTC (11:11 PM on 12/30/16 EST) the username "logan" was chatting within the chat room "mine1."   While in the chat room, "logan" uploaded an image file titled "ac1e59dbc9964fe78523d1d222259bfeme.JPG." Chatstep forwarded the file to the National Center for Missing and Exploited Children (NCMEC) with a report.   SA Evans obtained a search warrant for the file and determined that it was an image of a minor engaged in sexually explicit conduct, produced using a minor engaged in such conduct.

Chatstep's records stated that this file was uploaded to Chatstep by "logan" through a computer device connected to the Internet via the IP address 24.229.229.187.   This IP address was then owned by PenTeleData.   Records of PenTeleData stated that at the time of the upload to Chatstep, that IP address was assigned to Krasley's residence in rural Kutztown, Pennsylvania. Additional log files obtained from Chatstep stated that between December 31, 2016 and February 28, 2017, that IP address – assigned to Krasley's residence -- frequently accessed the site using a variety of usernames, including the following: logan, logan12, logan13, logan14, logan15, ryan, austin, hunter, hunter11, hunter12, hunter 13, emily, aiden11, aiden12, aiden14, and ethan14.

2.   December 12, 2017 (picpaste.com)   (Count 11)

Between November 22, 2017 and December 19, 2017, HSI agents monitored a court-

authorized Title III interception of the data going in and out of Krasley's internet connection.[2]

One transmission intercepted on December 12, 2017, showed the uploading of a child

exploitation image of a prepubescent boy to the image-sharing website "picpaste.com."   The

transportation of this image to picpaste.com necessarily occurred on Krasley's home internet

connection because that is what was being intercepted under the authority of the Title III order.

Because it was an upload to the picpaste.com site, it was transported from a computer on

Krasley's home internet connection over the internet to picpaste.com.

   c. <u>Access with Intent to View</u>

Counts 7, 9, 10 and 12 charge Krasley with accessing a site on the internet with the intent

to view child pornography.   Each of these counts is based on data intercepted on the court-

ordered Title III interception of Krasley's internet connection.   In each charged count, the

person on the internet connection is seen going to a location on the internet and either clicking on

a link that opened a file depicting child pornography, or going to a location on the internet where

there was an image of child pornography.   In each case, this accessing of the location on the

internet necessarily occurred on Krasley's home internet connection because that is what was

being intercepted under the authority of the Title III order.

   1. <u>November 24, 2017 (funkyimg.com) (Count 7)</u>

On November 24, 2017, agents monitoring the Title III interception saw Krasley's

internet connection go to the website funkyimg.com and access an image depicting a naked early

pubescent boy's body.   This image depicted a minor engaged in sexually explicit conduct,

---

2 The government has moved for the Court to find the Title III intercept data received by the HSI
agents to be authentic, based on a certificate of authenticity from PenTeleDate.   Docket No. 76.

produced using a minor engaged in such conduct.

### 2. December 2, 2017 (#boypicpaste) (Count 9)

On December 2, 2017, agents monitoring the Title III interception saw Krasley's internet connection go to undernet.org, which is an Internet Relay Chat (IRC) location. IRC is a program that brings persons with similar interests together in chat rooms. *United States v. Breton,* 740 F.3d. 1, 8 (1st Cir 2014). The user of Krasley's account joined the IRC channels named #littleboysexchannel and #boypicpaste. Both are chat channels within IRC. HSI agents know that these channels are populated by individuals that actively trade child exploitation material, and that in these IRC channels individuals post links that directly open images of child exploitation. At 12:11 EST a participant in the #boypicpaste chat room posted a link to a file on funkyimg.com, and, within a minute, the user of Krasley's account accessed that link. The link directly accessed an image of child exploitation involving a prepubescent boy.

### 3. December 7, 2017 (funkyimg.com) (Count 10)

On December 7, 2017, agents monitoring the Title III interception saw Krasley's internet connection access seven (7) image files through the known image-sharing website "funkyimg.com." This image-sharing website is frequently used by individuals chatting within IRC chat rooms, such as #littleboysexchannel, to share image files. All of the image files that Krasley's internet connection accessed at this time depict graphic child exploitation activity involving the same naked prepubescent boy and adult male.

### 4. December 12, 2017 (picpaste.com) (Count 12)

On December 12, 2017, at 8:11 PM EST agents monitoring the Title III interception saw Krasley's internet connection go to the picpaste.com website where it had uploaded a child

exploitation image ten minutes earlier and accessed the same image. Krasley's internet

connection then viewed the image. The uploading of the image was charged as transportation in

Count 11.


      d. <u>Receipt</u>

The indictment charges Krasley with two counts of receipt of child pornography, Counts

8 and 13. Both of these counts involve Krasley accessing the website PutVid.net. One of these

accesses was during the Title III interception, and one was documented by PutVid.net's log files.

The PutVid.net website is free, requires no registration, and allows individuals free unlimited

uploads. Individuals can then share their uploaded files with others by providing links to those

files. Here, Krasley used links that connected to PutVid.net to access and download videos that

depicted minors engaged in sexually explicit conduct, and each was produced using minors

engaged in such conduct.

      1. <u>November 24, 2017 (PutVid.net) (Count 8)</u>

On November 24, 2017, agents monitoring the Title III interception saw Krasley's

account access two links connecting to PutVid.net and download the files. An HSI agent

accessed these same links and saw that the files were images of child exploitation.

      2. <u>March 14, 2018   (PutVid.net) (Count 13)</u>

PutVid.net provided log records showing that on March 14, 2018, a user at IP address

24.115.239.110 downloaded the files from two links. The date in PutVid's records was March

15, 2018, as this date was the date in the Netherlands, where PutVid keeps its servers. The date

at Krasley's residence was March 14, 2018. Agents were aware of these links in May of 2018

when the links were still active, and at that time agents downloaded the files reached through

these two links.    HSI agents viewed both files and found that each contained child exploitation

material (child pornography).   Records from PenTeleData, Inc. confirmed that on March 14,

2018, IP address 24.115.239.110 was assigned to Krasley's account at his residence.

     e.  <u>Child Pornography</u>

The government has and intends to offer into evidence selections of the images and

videos that were distributed, transported, accessed and received as described above and as

charged in the indictment.   Because Krasley has stipulated that the images the government will

offer into evidence meet the statutory definition of child pornography for §2252, the government

will seek permission to publish only a few of these images to the jury.   The government's

proposed procedure for showing these to the jury is described below.

     f.  <u>Evidence of Intent</u>

Evidence from the Title III interception showed additional connection to child

pornography, and logons to Gigatribe using multiple usernames.   These include uncharged

accesses to IRC channels #littleboysexchannel and #boypicpaste, as well as other internet

destinations frequented by those who trade in child pornography.   The user of the internet

connection during the Title III interception also submitted Google searches indicative of seeking

child pornography, such as "11 year old Luis jerks and dry cums" and "Home cam Hidden

Videos Boys cover."   All of this evidence is relevant to show intent.   The multiple events

seeking child pornography during the Title III interception make it more likely that the user of

Krasley's home internet connection during the Title III interception accessed the child

pornography in the charged counts intentionally, and not by mistake or accident.

g. Evidence of Presence

Krasley was present at his residence on the dates and at the times that each of the charged interactions with child pornography occurred. The government will offer into evidence records from AT&T showing that the cell sites that Krasley's cell phone was connecting to at or near the time of the charged offenses were in the vicinity of Krasley's residence. Further, HSI had a pole camera on a pole on the public road near Krasley's driveway beginning in approximately March of 2015. The government will present evidence from the pole camera showing that Krasley was seen at or entering his property near the times of the charged violations on 12/30/16, 2/6/17, 10/13/17, 11/23/17-11/24/17, 12/2/17, 3/14/18, and 6/27/18.

Krasley lived at his residence in rural Kutztown during the time period covered by the indictment. Prior to January 2017, he shared the home with his then-wife Kimberly Krasley. They separated in January 2017, and Kimberley Krasley moved out that month. They divorced in September 2017. From January 2017 until HSI arrested him on December 7, 2018, Krasley lived at his residence alone. During the time of the incidents charged in the indictment, Krasley was not employed.

h. Connecting Krasley to the Activity on His Internet Connection

The government will present evidence showing, circumstantially, that it was Krasley who committed the offenses that are charged to have occurred through his internet connection. The defense has made clear through argument and filings that it intends to claim that someone else was using Krasley's internet connection when each of the charged offenses was committed. The government will prove that these offenses were committed by Krasley from within his home.

1. Krasley's Residence

17

The government will show that all of the charged incidents involving child pornography were done using Krasley's home internet connection. The source IP address for each violation was the IP address assigned to Krasley's internet connection at his Kutztown residence. Krasley has stipulated to the IP addresses that were assigned to his internet connection during the times relevant to the indictment. For offenses during the Title III interception, the interception was a direct interception of Krasley's internet activity originating at his internet connection.

2. Security

At the time of the search, Krasley had a home WiFi system that was password protected. Further, although the router observed at the time of the search had only been in use since August of 2018, it was a model that would have had up-to-date security and encryption. The government intends to present evidence that Krasley's WiFi network was password protected prior to August of 2018 as well, refuting the argument that someone could intrude onto his internet connection.

3. Adjacent Personal and mail.ru Connections

During the Title III interception, agents observed Krasley's internet connection connect to mail.ru, a Russian email site favored by those who trade in child pornography, and shortly thereafter connect to a local hardware store. The Title III interception showed that on November 28, 2017, at 6:11 AM, Krasley's internet connection accessed mail.ru. Then, at 6:14 AM, Krasley's internet connection accessed supplyhouose.com, a local hardware store, and logged in with the email address jkras@ptd.net, Krasley's personal email account. The proximity of these logons makes it likely that the same person logged into both, Krasley's use of his personal email to log into the hardware store shows that it was him, and Krasley's use of the

mail.ru site tends to show it is more likely that he is the one using his internet connection for child pornography, and not someone outside his home.

### 4. Child Pornography-Related Chat on Dell Computer

Agents found a Dell computer in Krasley's basement during the HSI search of his home on July 24, 2013.   When the forensic agent examined the hard drive of that computer, he found, in unallocated space, the logged text of approximately 80 IRC chats.   The fact that the logged IRC chats were in unallocated space indicates that they had been deleted by the user.   Because the deleted chats on the hard drive had not been overwritten by the computer while saving later information to the hard drive, the forensic agent was able to recover them.   Each of the recovered IRC chats were dated either November 18 or November 20, 2010.[3]   The case agent, based on her extensive experience in investigating child pornography cases, will testify that the chats are indicative of discussions relating to trading child pornography.

These chats are relevant to show that there was evidence of child pornography trading in place at Krasley's house, from which one can reasonably infer that the child pornography activity on his internet connection came from his house and not from outside his home.   The Court, on October 9, 2019, preliminarily ruled that these chats are admissible at trial, without prejudice to the defendant's renewal of a motion to exclude.

### 5. Thumb Drive with Child Pornography File Names

---

[3] The computer and hard drive were returned to Krasley after the 2013 search, and they were seized again at the HSI search on December 7, 2018.   In 2018 the hard drive had not been reinstalled in the computer, still had the 2013 identifying sticker on it that the agent had affixed, and would not operate when the agent attempted to view it again in 2018.

Agents seized a Staples thumb drive in Krasley's home during the search on December 7, 2018.   A forensic agent examined the thumb drive.   On the thumb drive the agent found evidence of two files that had been deleted and were unrecoverable, but they had been saved to the thumb drive at one time.   The file names and properties were still present on the thumb drive.   The file names found were as follows:

1.   Dad.Caught.Masturbating.Fucks.Son's.Friend.wmv

2.   Three.Twinks.wmv[4]

The record recovered from the thumb drive indicated that the "Dad.Caught" file was created on 11/10/10, and was last accessed on 5/31/12.   The record recovered from the thumb drive indicated that the "Three.Twinks" file was created on 11/16/10 and was last accessed on 5/31/12.   There was no content recovered associated with these files.   The suffix ".wmv" indicates that the files were likely video files (.wmv indicates a "Windows Media Video" file).

Like the IRC chat logs above, these file names on this thumb drive are relevant to show that there was evidence of child pornography on digital equipment seized from Krasley, from which one can reasonably infer that the child pornography activity on his home internet

---

4 "Twinks" is a term that refers to gay teen porn.   *See United States v. Ramos*, 685 F.3d 120, 125 (2d Cir. 2012) ("The hard drive had been used to conduct a Google search using words such as "twink," which suggested a search for child pornography"); *United States v. Hunter*, No. MJ 16-00013-N, 2016 WL 917948, at *3, n. 2 (S.D. Ala. Mar. 10, 2016) ("Agent Hunter stated that the term ["twink"] refers to underage young teen boys engaging in sexual acts.")   In some contexts, the term "twink" can mean a youthful looking young adult appearing to be underage. *See Free Speech Coalition, Inc. v. Holder*, 957 F.Supp.2d 564, 584 (E.D. Pa. 2013) ("Some of the most popular categories of commercial pornography, such as "teen porn," "college porn" and "twinks" (gay teen porn), are popular precisely because they depict women and men who appear to be 18, 19 or 20 years old, or younger.").

connection came from his house and not from outside his home.   The Court, on October 9, 2019, preliminarily ruled that these filenames are admissible at trial, without prejudice to the defendant's renewal of a motion to exclude.

The government notes that, in response to defense counsel's suggestion that someone visiting Krasley's home could have left it there, the thumb drive has other files which are connected to Krasley.

### 6.   Pen Register Records – Gigatribe Access[5]

Krasley's internet connection accessed the Gigatribe internet site multiple times a week for nearly four years, according to pen register data, and extrapolations from that data.   The government had a pen register installed on Krasley's internet connection, pursuant to Court orders, intermittently, from February of 2015 to the end of May, 2018.   The coverage was intermittent for two reasons.   First, the orders were not regularly renewed, and then new orders were obtained at a later date, resulting in gaps in pen register coverage.   Second, even when there a pen register order was active, there were times when the pen register was not functioning properly and no data, or no data of outside connections, was obtained.   The pen register was installed on Krasley's internet connection to record the IP addresses to which his internet account connected.

The agent analyzed the pen register data for the connections to the IP addresses associated with the Gigatribe network.   This was the same website and network that Krasley had accessed each time an undercover agent downloaded child pornography from Krasley.   The

---

5 The government has moved for the Court to find the pen register data received by the HSI agents to be authentic, based on a certificate of authenticity from PenTeleDate.   Docket No. 75.

agent who examined the pen register data found that for the periods that the pen register was operating, Krasley's account connected to Gigatribe generally every day or every other day, with much less frequent gaps of two or three or four days between connections. This data covers approximately 3 ½ years (February 2015 to May 2018, intermittently). Although the data is intermittent, where it is present it is consistent, and it is reasonable to infer that the same patterns of Gigatribe connections continued during the time the pen register was down. The government will offer this Gigatribe access data at trial to show the frequency of child pornography activity on Krasley's internet account, over a period of 3 ½ years, which makes it less likely that the user of that account is anyone other than Krasley at his home.

The government intends to offer this pen register evidence by summary evidence. Fed. R. Evid 1006.[6] The summary of this data is a set of four charts, in the form of a 12-month calendar for each of 2015, 2016, 2017 and 2018. For each day there was a connection to Gigatribe from Krasley's internet account, the color is red; for days there were no connection, the color is white; and for days when the pen register was not operating the color is black. These pen register charts are attached as Attachment A.

### 7. Gigatribe Records – September-October 2017

Gigatribe, in France, produced records of activity originating from Krasley's IP addresses. These results, produced in February of 2018 in response to a request under the Mutual Legal Assistance Treaty (MLAT) with France, identified 33 Gigatribe usernames associated with Krasley's IP addresses. The log data, however, only provided the most recent

_____

[6] The original pen register data was made available to the defense for inspection and copying by letter on January 11, 2019.

15 logins for each Gigatribe username.   Thus, there is evidence of the days that the person using these accounts from Krasley's home IP address was connected to Gigatribe for only September 13 to October 11, 2017.   This data has been summarized in a chart in the same format as the pen register data.   This is attached as Attachment B.   This evidence, though only for an abbreviated window, shows a pattern of Gigatribe logins every day or every few days, consistent with the pen register data.[7]

### 8.  Gigatribe Records – August 2018 to July 2019

Gigatribe produced a second set of documents in September of 2019.[8]   These were produced pursuant to a request via the MLAT process.   These records show dates and times for all logons for the Gigatribe usernames used by Krasley, for the period of August 1, 2018 to the present.   These records are summarized in chart form, and the chart is attached as Attachment C. The government will offer this, and the other two charts showing Gigatribe connections described above, into evidence at trial.

These records show that most of the Gigatribe usernames previously associated with Krasley's internet connection were still in use (31 of 33 usernames).   These records show the same frequent Gigatribe connection history from Krasley's home internet connection from

---

7 The Court has ruled that these records may be admitted.   This was at the October 9, 2019 hearing, and was without objection by the defense. This was based on the certification of authenticity pursuant to 18 U.S.C. § 3505.
8 These records and the accompanying certificates were disclosed to the defense on September 23, 2019.   The records were disclosed as soon as the government received them and they were the French language versions.   The government has received and has disclosed the English translations to the defense.   The government has moved *in limine* that these records be admitted, based on the Gigatribe the certification of authenticity pursuant to 18 U.S.C. § 3505.   Docket No. 74.

August 1, 2018 through December 6, 2018 as was seen for 2015 through May 2018.   Here, from August 1, 2018 through December 6, 2018, the connections are mostly every day or every other day, with a few longer breaks between connections (maximum 5 days, which occurred once). This is the same connection pattern as was seen in the pen register data and in the 2017 Gigatribe record data.   Again, this is relevant because the frequency of the connections refutes the defendant's claim that these connections are coming from someone outside Krasley's home. And these records extend the window of view into the frequency of these connections to the period of August to December of 2018, extending the full view of this connection history to nearly four years (2015 to 2018) (with gaps when there was no coverage but for which one can infer a similar pattern).

9.   Absence or Cessation of Gigatribe Connections

The connections to Gigatribe and to the Gigatribe usernames used by Krasley ceased on the day of his arrest, December 7, 2018.   The Gigatribe records for August 2018 to July 31, 2019 show regular connections to Gigatribe by the usernames associated with Krasley's internet connection for the entire period of August 1, 2018 until December 6, 2018.   On December 7, 2018, HSI agents arrested Krasley.   Krasley has been in custody ever since December 7, 2018. Krasley has had no access to the internet from December 7, 2018 to the present.   This means that whoever was signing in using these Gigatribe usernames and had been signing in from Krasley's internet connection stopped signing into Gigatribe – from anywhere – beginning on December 7, 2018.   And that person did not sign in using any of these 33 user names between December 7, 2018 to July 31, 2019 – as far to the present as these records go.   They did not sign in from Krasley's internet connection – which was operational at least until December 15, 2018 –

nor did they sign into Gigatribe from anywhere else for that eight month period. Krasley's incarceration and loss of internet access coincides precisely with the cession of connections to Krasley's Gigatribe accounts.

To show that Krasley had no access to the internet during the period from December 7, 2018 to the present, the government seeks to offer evidence that agents arrested Krasley on December 7, 2018 and that he has been in federal custody since that date. This information is relevant to show that when he had no access to the internet, no one accessed Gigatribe using his Gigatribe usernames, making it more likely that he was the one – and the only one – to connect to Gigatribe with any of those names, and thus was the one who distributed child pornography to the undercover agents in the six counts charging that offense. The legal basis for the admission of this evidence is discussed on page 31 below.

Further, the government will seek to offer evidence that Krasley took a cruise with an individual named John Grather, Jr. in April of 2018. The dates of the cruise itself were April 8, 2018 to April 15, 2018, and it left from Ft. Lauderdale, Florida and sailed to the Caribbean, including Mexico. This is significant because one of only three times that the pen register or Gigatribe records show the absence of Gigatribe connections from Krasley's internet account of 5 consecutive days is from April 12 to 16, 2018, and there is no pen register data for a week or more before and after that 5-day period. Thus, the confirmed absence of Krasley from his home coinciding with the absence of Gigatribe connections for an unusually long period, refutes his argument that someone else was connecting to Gigatribe through his home internet connection.

IV.     **Procedure for Displaying Child Pornography to The Jury**

The government will offer the content of the child exploitation images into evidence and

will seek to show that content to the jury. The government seeks to several pornography exhibits into evidence. The government seeks to publish these to the jury to acquaint the jury with the evidence of the violation, to assist the jury in understanding these offenses.

The government anticipates exhibiting the images and videos to the jury in the following way: For the still photos, the government will show them to the jury on computer screens for approximately five seconds each. For the videos of child pornography, the government has selected short clips from the longer videos to show to the jury. These clips will be approximately 5-7 seconds for each of the videos. These excerpts should provide sufficient viewing of the images and videos for the jury to determine that what is depicted in each image or video is sexually explicit conduct involving a minor child, produced using a minor child. The government will also offer into evidence a disk with the entire length of the videos, and all the images, and it will be available for the jury, but the government does not intend to play more than the excerpts described above as part of its case-in-chief.

The government requests that the Court view the images and videos prior to them being played to the jury to determine that their probative value (i.e. necessary for the jury's understanding of the evidence and the case) outweigh any unfair prejudice.

V.    **Witness List**

The government expects to call the witnesses listed below to establish the facts set forth above. The list is not final as to one or two of the witnesses, as the government has not finally decided whether to call them. The government requests leave of the Court to adjust this list as the government finds it necessary to do so during final trial preparation.

Additionally, the government may have a rebuttal case. The defense has indicated what

its theory of the case is – that someone other than Krasley was responsible for the charged conduct.   However, the government is not aware how the defense will present that case.   The details of the defense case may cause the government to present witnesses not listed below in rebuttal.   The government also has not received a final report of the defense expert.   The government received the same preliminary document that the defense offered to the Court at the bail hearing on June 4, 2019, but has not received any further report.   The nature of any defense expert testimony may cause the government to call a rebuttal expert, or to alter the witnesses for its case-in-chief.

The general areas of the witnesses' testimony is set out below.   The witnesses may offer additional evidence and details not discussed here.

The government intends to call the following witnesses in its case-in-chief at trial:

1.    SA Patrick McCall (retired HSI agent).   SA McCall will testify to his undercover investigations on Gigatribe.

2.    TFO Carlton Turner (Task Force Officer with the FBI in Buffalo, NY).   TFO Turner will testify to his undercover operations on Gigatribe.

3.    SA Joshua Conrad (HSI agent).   SA Conrad will testify to content intercepted during the Title III interception.

4.    SA Joseph Hartman (HSI agent).   SA Hartman will testify to the analysis of the historical cell site data from AT&T for Krasley's cell phone, and the location of the cell sites that Krasley's phone was connecting to at or near the time of the charged violations (i.e. connecting to cell towers near Krasley's home).   SA Hartman may also testify to the review of the pole camera photos (showing, for pole camera data that is available for dates of some of

the charged incidents, that Krasley was likely at home for those dates, as well as who may have lived there after January 2017).

       5.     SA James Munjone (HSI agent).   SA Munjone is a forensic examiner who will testify to his examination of the computers and digital media found in the 2018 and the 2013 searches of Krasley's home.   SA Munjone will offer an opinion that there was a device that was not found.

       6.     Kimberly Krasley.   Ms. Krasley may testify to who was living at Krasley's home during the period of the offenses, and possibly other aspects of matters that occurred while she lived there.

       7.     Scott Bickly.   Mr. Bickly may testify to when Kimberly Krasley resided in Krasley's home, her employment and hours, and defendant Krasley's work status.

       8.     Melissa Hrabovsky.   Ms. Hrabovsky may testify concerning Krasley's internet network and her use of that network while visiting his home.

       9.     John Grather, Jr. – may testify that he was on a cruise with Krasley from at least April 8 through April 15, 2018.

       10.     SA Emily Evans (HSI agent).   SA Evans will testify concerning records in the case (Gigatribe and pen register, Chatstep), authenticate photographs of the area near Krasley's house, and other details of the investigation.   SA Evans will also offer the opinion that the filenames on the Staples thumb drive are filenames indicting that the content of those files was child pornography, that the IRC chats found on the Dell Computer are associated with child pornography, and that certain websites are favored and used by those who trade child pornography (such as Gigatribe, mail.ru, certain IRC chatrooms, etc.)

## VI.    Experts

As noted above, the government expects to offer testimony from those who are experts or who have specialized knowledge in its case-in-chief.    SA James Munjone is a forensic examiner who will testify concerning his examination of the devices seized at Krasley's residence in 2013 and 2018.    SA Munjone will also give the opinion that Krasley could have used a device that the government did not find in its searches to access child pornography as charged in the indictment and as suggested by the pen register records and Gigatribe records.    SA Emily Evans has extensive experience in investigating those who trade child pornography, and will give the opinion that the IRC chats on the hard drive of the Dell computer found in Krasley's home, and the file names found in deleted space on the Staples thumb drive found in Krasley's home, are associated with child pornography, and that certain websites are known to be used by those who trade child pornography.

The government may also offer expert testimony concerning Krasley's router and/or concerning the defense that some other person was accessing Krasley's internet connection and trading in child pornography.    Because the government has not yet received the final report of the defense experts, it cannot specify in more detail what the government will offer in this subject area.    The government's expert on this subject will be FBI Special Agent Darin Murphy. Depending on the defense disclosure, this evidence may be offered in rebuttal.

The government has disclosed the CVs of SAs Munjone, Evans, and Murphy.    The government has disclosed the reports of SA Munjone, and may have an additional report to disclose.    The government has disclosed the nature of the expert testimony in compliance with Fed.R.Crim.Proc. 16(a)(1)(G).    The government has requested reciprocal discovery on expert

testimony pursuant to Fed.R.Crim.Proc. 16(b)(1)(C).

**VII.    Stipulations**

Krasley has stipulated to the substance of the testimony of the Swiss Law Enforcement official, Officer Gilles Zuercher.

Krasley has stipulated to the nature of the government's 23 child pornography exhibits, that they are child pornography involving real children, that they were moved in interstate commerce, and that most involve prepubescent children.

Krasley has stipulated to the listing of the IP addresses that were assigned to his home internet connection by PenTeleData during times relevant to the indictment.

**VIII.   Legal Issues**

Pending legal issues include the following:

A.    <u>Gigatribe Records - August 2018 to July 2019</u>

As discussed above, the government has recently received records from Gigatribe that show connection logs for the usernames associated with Krasley's IP addresses for the period of August 2018 to July 2019.   The certificates of authenticity are currently being translated into English (from French).   The government has moved *in limine* for the admission of these records, based upon the certificates of authenticity, once they are translated.   Docket No. 74.   The government will also seek to use the summaries of these records set forth in Attachment C.

The government has a further request pending with Gigatribe for these same records, but going back to May 2, 2018.   The government had some indication that these earlier records (May, June and July of 2018) still may exist, and it is seeking these records.   If Gigatribe produces these extra three months of records (May to July, 2018) the government will seek to

offer these (and their summaries) into evidence.

The government has produced the Gigatribe log records from August 2018 to July 2019, along with English translations, to the defense.

B.    Authenticity of Wiretap and Pen Register Data

The government has moved for a finding that the Title III interception data and the Pen Register data received by HSI agents from PenTeleData is authentic, and is an accurate copy of the data associated with Krasley's internet account with PenTeleData.   This data has been made available to the defense for inspection and copying.   Docket Nos. 75, 76.

C.    Summary Charts for Gigatribe Data

The government seeks to introduce into evidence the graphic charts in Attachments A through C summarizing the data from Gigatribe and Pen Register data showing the dates that Krasley's internet connection connected to Gigatribe during 2015 to 2019, and the dates that the relevant data source was not available.   This summary is necessary to assist the jury in understanding the log records and pen register records, and the source data is voluminous.   The charts accurately convey the connections and functionality shown in the original records.   The government will offer these charts under Federal Rule of Evidence 1006.   The original data has been disclosed, or has been made available, to the defense.

D.    Krasley in Custody from December 7, 2018 to July 31, 2019

The government seeks to offer evidence, through the testimony of the case agent, that Krasley was in the custody of the United States Marshal from December 7, 2018 to July 31, 2019, and therefore did not have access to the internet on and after December 7, 2018.   This fact is relevant because Gigatribe access from his internet connection stopped when Krasley was

31

arrested on December 7, 2018, and did not resume. The 2018-19 Gigatribe log records show that the Gigatribe usernames used by Krasley's internet connection to access Gigatribe logged in numerous times from August 1, 2018 (the beginning of the records) to December 6, 2018, but did not log in at all on or after December 7, 2018 (the day Krasley was arrested) through the end of the records on July 31, 2019. During this August 1 to December 7 period, the user of Krasley's internet account used 27 different Gigatribe usernames to log into Gigatribe from Krasley's internet IP address, and logged in a total of 1268 times. The usernames used to log in during this August to December 2018 period included four of the six usernames used to distribute child pornography to undercover agents, those used in Counts 2, 5, 6 and 14.[9]

The fact that Krasley was in custody with no access to the internet is highly probative of his identity as the person using the internet to access Gigatribe and as the person who used his home internet connection to commit the charged incidents. The fact that the user connected to Gigatribe nearly every day between August 1, 2018 and December 6, 2018, and then never again after Krasley was arrested on December 7, 2018, is strong evidence that Krasley was the person who was the user of these Gigatribe usernames during the charged offenses.

The high probative value of the fact of his custody status between December 7, 2019 and July 31, 2019 far outweighs any unfair prejudice. Under Rule 403 of the Federal Rules of

---

[9] Specifically, (1) "somethingnew" distributed child pornography in Count 2, and also logged on 36 times between August and December 2018 on these log records; (2) "Slick2you14" distributed child pornography in Count 5, and also logged on 39 times between August and December 2018 on these log records; (3) "Slick2you10" distributed child pornography in Count 6, and also logged on 44 times between August and December 2018 on these log records; and (4) "Thesunshines" distributed child pornography in Count 14, in June 2018, and also logged on 67 times between August and December 2018 on these log records.

Evidence, there is a "a presumption of admissibility." *United States v. Claxton*, 766 F.3d 280, 302 (3d Cir. 2014). Even if there were some unfair prejudice here, it would not exclude this evidence of custody status. "Evidence cannot be excluded under Rule 403 merely because its unfairly prejudicial effect is greater than its probative value. Rather, evidence can be kept out only if its unfairly prejudicial effect 'substantially outweigh[s]' its probative value." *United States v. Repak*, 852 F.3d 230, 246 (3d Cir. 2017) (quoting *United States v. Cross*, 308 F.3d 308, 323 (3d Cir. 2002)). Further, "prejudice" does not mean simply that the evidence is harmful to the defendant's case.

> Rule 403 does not offer protection against evidence that is merely prejudicial, in the sense of being detrimental to a party's case. Rather, the rule only protects against evidence that is *unfairly* prejudicial. Evidence is unfairly prejudicial only if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee's Note, F.R.Evid. 403.

*Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (emphasis in original). "[T]he prejudice against which [Rule 403] guards is *unfair* prejudice -- prejudice of the sort which clouds impartial scrutiny and reasoned evaluation of the facts, which inhibits neutral application of principles of law to the facts as found." *United States v. Starnes*, 583 F.3d 196, 215 (3d Cir. 2009) (*quoting Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 670 (3d Cir. 2002) (emphasis in original)). "Virtually all evidence is prejudicial or it is not material." *Carter*, 617 F.2d at 972 n.14 (*quoting Dollar v. Long Manufacturing Co.*, 561 F.2d 613, 618 (5th Cir. 1977)).

The fact that agents arrested Krasley at the time that they searched his home is not significantly prejudicial to Krasley. The jury is aware that the grand jury charged Krasley with the child pornography offenses in the indictment, and it will likely be aware that it is not unusual that an arrest follows such a charge. This Court will have instructed the jury several times that

the indictment is not evidence and that Krasley is presumed innocent unless and until the government has proven his guilt beyond a reasonable doubt. Further, Krasley, of course, will be permitted to wear civilian clothes during the trial, and no reference need be made to his custody status at the time of trial or after July 31, 2019. Thus, any prejudice from the fact that he was in custody and had no access to the internet is not unfair and does not substantially outweigh the high probative value here. A limiting instruction from the Court may also limit any improper inferences from the fact of Krasley's custody.

      E.      <u>Krasley Was on A Cruise With John Grather, Jr. from April 8 to April 16, 2018</u>

The government also seeks to offer evidence from John Grather, Jr. that Krasley was on a cruise with him to the Caribbean and Mexico from April 8 through April 16, 2018.[10] This is relevant because the pen register logs of the connections to Gigatribe were recording data from April 12 through April 16, 2018 and during that time period there were no connections to Gigatribe from Krasley's internet connection. (The pen register was not functioning from April 1 to April 11, nor from April 17 to April 23.) This five-consecutive-day absence of connections to Gigatribe is one of only three periods of five consecutive days where there were no connections to Gigatribe between February 2015 and December 6, 2018, for the periods when the pen register data was being collected or that we have records from Gigatribe.

This evidence of Krasley being away on a cruise during this period, and having no access to his home internet account, is highly probative of him being the person who was using the

---

10 John Grather, Jr., is a friend of Krasley's who spent time at Krasley's home (along with other children) when he was a child. Grather was 19 years old at the time of the cruise in April of 2018.

account during the charged counts.   When he was away, there was no use.   Like the cession of use following his arrest as described above, this indicates that Krasley was the person using the account during the charged incidents.   The government would also introduce a screen shot from Krasley's phone showing the reservation and dates for the cruise.

### IX.    Character Evidence

Krasley has indicated that he may choose to present character evidence.   This is suggested by his request for a specific jury instruction on character evidence.   Docket. No. 66.

The government notes the following will be applicable if the defendant calls character witnesses.   Rule 405(a) provides that

> (a) Reputation or opinion.   In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion.   On cross examination, inquiry is allowable into relevant specific instances of that person's conduct.

The government notes that in this case Krasley may <u>not</u> present evidence of specific instances of conduct to show the defendant's character.[11]   Further, reputation evidence must be with respect to the time of the charged conduct.   "In dealing with community reputation for a trait of character, moreover, it has long been settled that reputation reasonably contemporaneous with the acts charged is relevant, but that reputation after the criminal charge under consideration is not."   <u>United States v. Curtis</u>, 644 F.2d 263, 268 (3d Cir. 1981).

The government may inquire into specific instances of conduct on cross-examination. The Third Circuit has stated that, for purposes of cross examination of character witnesses,

---

[11] This is only allowed when character is an element of the offense.   Fed.R.Evid. 405(b). Such is not the case here.

relevant specific instances of conduct are only instances going to the accuracy of the character witnesses' testimony. If, as here, their direct testimony is addressed to community reputation, inquiry may be made about conduct, and even about charges, which may have come to the attention of the relevant community. If, on the other hand, opinion evidence is offered in proof of character, relevant cross examination is only that which bears on the fact or factual basis for formation of the opinion. . . . [¶] Obviously cross examination must be confined to matters bearing on the particular character trait to which the witness testified.

Curtis, 644 F.2d at 268, citing Michelson v. United States, 335 U.S. 469 (1948).

The Supreme Court recognized the extent to which a defendant opens the door to the introduction of evidence which might otherwise be kept out when he offers character evidence:

The price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law has kept closed for his benefit and to make himself vulnerable where the law otherwise shields him. The prosecution may pursue the inquiry with contradictory witnesses to show that damaging rumors, whether or not well-grounded, were afoot-for it is not the man that he is, but the name that he has which is put in issue. Another hazard is that his own witness is subject to cross-examination as to the contents and extent of the hearsay on which he bases his conclusions, and he may be required to disclose rumors and reports that are current even if they do not affect his own conclusion. It may test the sufficiency of his knowledge by asking what stories were circulating concerning events, such as one's arrest, about which people normally comment and speculate. Thus, while the law gives defendant the option to show as a fact that his reputation reflects a life and habit incompatible with commission of the offense charged, it subjects his proof to tests of credibility designed to prevent him from profiting by a mere parade of partisans.

Michelson, 335 U.S. 479 (footnotes omitted). Thus, the government may inquire into relevant specific instances of conduct when cross-examining Krasley's character witnesses.

## X. Exclusion of Witnesses

The government requests the exclusion of witnesses during the trial, except for experts during expert testimony. The government requests permission for the case agent to sit at government counsel's table, and for an additional agent to be present during the testimony of the case agent (in order to operate the computer and to assist).

**XI.    Filings**

The government has separately submitted proposed jury instructions, *voir dire* questions, and a verdict form.

**CONCLUSION**

The government submits this trial memorandum for the assistance of the Court, and seeks rulings admitting evidence as requested in the "Legal Issues" section.

Respectfully submitted,

WILLIAM M. McSWAIN
*United States Attorney*


_____ *s/ Albert S. Glenn* _____
ALBERT S. GLENN
*Assistant United States Attorney*

Dated:   October 11, 2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of

## **UNITED STATES' TRIAL MEMORANDUM**

has been served, on this date, electronically via ECF and first class mail upon the following

individuals:


R. Patrick Link, Esq.
1910 Land Title Building
100 South Broad Street
Philadelphia, Pennsylvania 19110

Arthur Thomas Donato, Jr., Esq.
216 West Front Street, 2nd Floor
Media, PA   19063



      /s/   *Albert S. Glenn*
ALBERT S. GLENN
Assistant U.S. Attorney


Date: October 11, 2019

# ATTACHMENT A

# 2015

## Gigatribe Access Days
### (Pen Register Data)

 = Gigatribe Connection      = No Gigatribe Connection      = No Data

### January

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
|    |    |    |    |    |    | 3 |
| 4 |    |    |    |    |    | 10 |
| 11 |    |    |    |    |    | 17 |
| 18 |    |    |    |    |    | 24 |
| 25 |    |    |    |    |    | 31 |

### February

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
| 1 |    |    | 4 |    | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 |    |    |    |    |    | 21 |
| 22 |    |    | 25 | 26 | 27 | 28 |

### March

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 |    |    |    | 14 |
| 15 |    |    |    |    |    | 21 |
| 22 |    |    |    |    |    | 28 |
| 29 |    |    |    |    |    |    |

### April



### May



### June

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
|    |    |    |    |    |    | 6 |
| 7 |    |    |    |    |    | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 |    |    |    |    |    |

### July

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
|    |    |    |    |    |    | 4 |
| 5 |    |    |    |    |    | 11 |
| 12 |    |    | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 |    |    |

### August



### September



### October

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
|    |    |    |    |    |    | 3 |
| 4 |    |    |    |    |    | 10 |
| 11 |    |    |    |    |    | 17 |
| 18 |    |    |    |    |    | 24 |
| 25 |    |    |    |    |    | 31 |

### November

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
| 1 |    |    |    |    |    | 7 |
| 8 |    |    |    |    |    | 14 |
| 15 |    |    |    |    |    | 21 |
| 22 |    |    |    |    |    | 28 |
| 29 |    |    |    |    |    |    |

### December

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
|    |    | 1 | 2 | 3 | 4 | 5 |
| 6 |    |    |    |    |    | 12 |
| 13 |    |    |    |    |    | 19 |
| 20 |    |    |    |    |    | 26 |
| 27 |    |    |    |    |    |    |

Krasley -- 002164

# 2016

## Gigatribe Access Days

(Pen Register Data)

Red = Gigatribe Connection | White = No Gigatribe Connection | Black = No Data

### January

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 2 |
| 3 | | | | | | 9 |
| 10 | | | | | | 16 |
| 17 | | | | | | 23 |
| 24 | | | | | | 30 |
| 31 | | | | | | |

### February

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 6 |
| 7 | | | | | | 13 |
| 14 | | | | | | 20 |
| 21 | | | | | | 27 |
| 28 | | | | | | |

### March

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 5 |
| 6 | | | | | | 12 |
| 13 | | | | | | 19 |
| 20 | | | | | | 26 |
| 27 | | | 30 | 31 | | |

### April

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |

### May

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | | | | | | 28 |
| 29 | | | | | | |

### June

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 4 |
| 5 | | | | | | 11 |
| 12 | | | | | | 18 |
| 19 | | | | | | 25 |
| 26 | | | | | | |

### July

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 2 |
| 3 | | | | | | 9 |
| 10 | | | | | | 16 |
| 17 | | | | | | 23 |
| 24 | | | | | | 30 |
| 31 | | | | | | |

### August

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 6 |
| 7 | | | | | | 13 |
| 14 | | | | | | 20 |
| 21 | | | | | | 27 |
| 28 | | | | | | |

### September

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 3 |
| 4 | | | | | | 10 |
| 11 | | | | | | 17 |
| 18 | | | | | | 24 |
| 25 | | | | | | |

### October

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 1 |
| 2 | | | | | | 8 |
| 9 | | | | | | 15 |
| 16 | | | | | | 22 |
| 23 | | | | | 28 | 29 |
| 30 | 31 | | | | | |

### November

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | | | | | | |

### December

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 3 |
| 4 | | | | | | 10 |
| 11 | | | | | | 17 |
| 18 | | | | | | 24 |
| 25 | | | | | | 31 |

Krasley -- 002165

https://www.vertex42.com/ExcelTemplates/yearly-calendar.html

Yearly Calendar Template © 2017 Vertex42.com. Free to Print.

# 2017

## Gigatribe Access Days

### (Pen Register Data)

 = Gigatribe Connection     = No Gigatribe Connection    ■ = No Data

### January

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | | | | 7 |
| 8 | 9 | 10 | | | | 14 |
| 15 | 16 | 17 | | | | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

### February

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | | | | |

### March

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | 1 | 2 | 3 | 4 | |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | | | 25 |
| 26 | | | | | | |

### April

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | | | | | | |

### May

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 | | | |

### June

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | |

### July

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | | | | | |

### August

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 | | |

### September

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |

### October

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

### November

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | | |

### December

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 31 | | | | | | |

Krasley -- 002166

# 2018

## Gigatribe Access Days
### (Pen Register Data)

 = Gigatribe Connection    ☐ = No Gigatribe Connection    ■ = No Data

| January | | | | | | |
|---|---|---|---|---|---|---|
| **Su** | **M** | **Tu** | **W** | **Th** | **F** | **Sa** |
|  | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 | | | |

| February | | | | | | |
|---|---|---|---|---|---|---|
| **Su** | **M** | **Tu** | **W** | **Th** | **F** | **Sa** |
|  |  |  |  | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | | | |

| March | | | | | | |
|---|---|---|---|---|---|---|
| **Su** | **M** | **Tu** | **W** | **Th** | **F** | **Sa** |
|  |  |  |  | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

| April | | | | | | |
|---|---|---|---|---|---|---|
| **Su** | **M** | **Tu** | **W** | **Th** | **F** | **Sa** |
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | | | | | |

| May | | | | | | |
|---|---|---|---|---|---|---|
| **Su** | **M** | **Tu** | **W** | **Th** | **F** | **Sa** |
|  |  | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 | | |

| June | | | | | | |
|---|---|---|---|---|---|---|
| **Su** | **M** | **Tu** | **W** | **Th** | **F** | **Sa** |
|  |  |  |  |  | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |

| July | | | | | | |
|---|---|---|---|---|---|---|
| **Su** | **M** | **Tu** | **W** | **Th** | **F** | **Sa** |
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | 12 | 13 | 14 |
| 15 | 16 | 17 | 18 | 19 | 20 | 21 |
| 22 | 23 | 24 | 25 | 26 | 27 | 28 |
| 29 | 30 | 31 | | | | |

| August | | | | | | |
|---|---|---|---|---|---|---|
| **Su** | **M** | **Tu** | **W** | **Th** | **F** | **Sa** |
|  |  |  | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 | |

| September | | | | | | |
|---|---|---|---|---|---|---|
| **Su** | **M** | **Tu** | **W** | **Th** | **F** | **Sa** |
|  |  |  |  |  |  | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | | | | | | |

| October | | | | | | |
|---|---|---|---|---|---|---|
| **Su** | **M** | **Tu** | **W** | **Th** | **F** | **Sa** |
|  | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 | | | |

| November | | | | | | |
|---|---|---|---|---|---|---|
| **Su** | **M** | **Tu** | **W** | **Th** | **F** | **Sa** |
|  |  |  |  | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | |

| December | | | | | | |
|---|---|---|---|---|---|---|
| **Su** | **M** | **Tu** | **W** | **Th** | **F** | **Sa** |
|  |  |  |  |  |  | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | | | | | |

Krasley -- 002167

# ATTACHMENT B

# 2017

## Gigatribe Data 2017



■ = Gigatribe Connection    □ = No Gigatribe Connection    ■ = No Data

| January | | | | | | |
|---|---|---|---|---|---|---|
| Su | M | Tu | W | Th | F | Sa |
| 1 | | | | | | 7 |
| 8 | | | | | | 14 |
| 15 | | | | | | 21 |
| 22 | | | | | | 28 |
| 29 | | | | | | |

| February | | | | | | |
|---|---|---|---|---|---|---|
| Su | M | Tu | W | Th | F | Sa |
| | | | | | | 4 |
| 5 | | | | | | 11 |
| 12 | | | | | | 18 |
| 19 | | | | | | 25 |
| 26 | | | | | | |

| March | | | | | | |
|---|---|---|---|---|---|---|
| Su | M | Tu | W | Th | F | Sa |
| | | | | | | 4 |
| 5 | | | | | | 11 |
| 12 | | | | | | 18 |
| 19 | | | | | | 25 |
| 26 | | | | | | |

| April | | | | | | |
|---|---|---|---|---|---|---|
| Su | M | Tu | W | Th | F | Sa |
| | | | | | | 1 |
| 2 | | | | | | 8 |
| 9 | | | | | | 15 |
| 16 | | | | | | 22 |
| 23 | | | | | | 29 |
| 30 | | | | | | |

| May | | | | | | |
|---|---|---|---|---|---|---|
| Su | M | Tu | W | Th | F | Sa |
| | | | | | | 6 |
| 7 | | | | | | 13 |
| 14 | | | | | | 20 |
| 21 | | | | | | 27 |
| 28 | | | | | | |

| June | | | | | | |
|---|---|---|---|---|---|---|
| Su | M | Tu | W | Th | F | Sa |
| | | | | | | 3 |
| 4 | | | | | | 10 |
| 11 | | | | | | 17 |
| 18 | | | | | | 24 |
| 25 | | | | | | |

| July | | | | | | |
|---|---|---|---|---|---|---|
| Su | M | Tu | W | Th | F | Sa |
| | | | | | | 1 |
| 2 | | | | | | 8 |
| 9 | | | | | | 15 |
| 16 | | | | | | 22 |
| 23 | | | | | | 29 |
| 30 | 31 | | | | | |

| August | | | | | | |
|---|---|---|---|---|---|---|
| Su | M | Tu | W | Th | F | Sa |
| | | | | | | 5 |
| 6 | | | | | | 12 |
| 13 | | | | | | 19 |
| 20 | | | | | | 26 |
| 27 | | | | | | |

| September | | | | | | |
|---|---|---|---|---|---|---|
| Su | M | Tu | W | Th | F | Sa |
| | | | | | | 2 |
| 3 | | | | | | 9 |
| 10 | | | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |

| October | | | | | | |
|---|---|---|---|---|---|---|
| Su | M | Tu | W | Th | F | Sa |
| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
| 8 | 9 | 10 | 11 | | | 14 |
| 15 | | | | | | 21 |
| 22 | | | | | | 28 |
| 29 | | | | | | |

| November | | | | | | |
|---|---|---|---|---|---|---|
| Su | M | Tu | W | Th | F | Sa |
| | | | | | | 4 |
| 5 | | | | | | 11 |
| 12 | | | | | | 18 |
| 19 | | | | | | 25 |
| 26 | | | | | | |

| December | | | | | | |
|---|---|---|---|---|---|---|
| Su | M | Tu | W | Th | F | Sa |
| | | | | | | 2 |
| 3 | | | | | | 9 |
| 10 | | | | | | 16 |
| 17 | | | | | | 23 |
| 24 | | | | | | 30 |
| 31 | | | | | | |

Krasley -- 002168

# ATTACHMENT C

# 2018

## Gigatribe Records -- from August 1, 2018

(Records from Gigatribe)

= Gigatribe Connection　　= No Gigatribe Connection　　= No Data

### January

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 6 |
| 7 | | | | | | 13 |
| 14 | | | | | | 20 |
| 21 | | | | | | 27 |
| 28 | | | | | | |

### February

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 3 |
| 4 | | | | | | 10 |
| 11 | | | | | | 17 |
| 18 | | | | | | 24 |
| 25 | | | | | | |

### March

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 3 |
| 4 | | | | | | 10 |
| 11 | | | | | | 17 |
| 18 | | | | | | 24 |
| 25 | | | | | | 31 |

### April

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| 1 | | | | | | 7 |
| 8 | | | | | | 14 |
| 15 | | | | | | 21 |
| 22 | | | | | | 28 |
| 29 | | | | | | |

### May

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 5 |
| 6 | | | | | | 12 |
| 13 | | | | | | 19 |
| 20 | | | | | | 26 |
| 27 | | | | | | |

### June

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 2 |
| 3 | | | | | | 9 |
| 10 | | | | | | 16 |
| 17 | | | | | | 23 |
| 24 | | | | | | 30 |

### July

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| 1 | | | | | | 7 |
| 8 | | | | | | 14 |
| 15 | | | | | | 21 |
| 22 | | | | | | 28 |
| 29 | | | | | | |

### August

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 | |

### September

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | | | | | | |

### October

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 | | | |

### November

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | |

### December

| Su | M | Tu | W | Th | F | Sa |
|---|---|---|---|---|---|---|
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | | | | | |

https://www.vertex42.com/ExcelTemplates/yearly-calendar.html　Yearly Calendar Template © 2017 Vertex42.com. Free to Print.

# 2019

## Gigatribe Records -- From August 1, 2018

(Records from Gigatribe)

 = Gigatribe Connection          ☐ = No Gigatribe Connection          ■ = No Data

### January

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
|  |  | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | 31 |  |  |

### February

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
|  |  |  |  |  | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 |  |  |

### March

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
|  |  |  |  |  | 1 | 2 |
| 3 | 4 | 5 | 6 | 7 | 8 | 9 |
| 10 | 11 | 12 | 13 | 14 | 15 | 16 |
| 17 | 18 | 19 | 20 | 21 | 22 | 23 |
| 24 | 25 | 26 | 27 | 28 | 29 | 30 |
| 31 |  |  |  |  |  |  |

### April

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
|  | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 |  |  |  |  |

### May

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
|  |  |  | 1 | 2 | 3 | 4 |
| 5 | 6 | 7 | 8 | 9 | 10 | 11 |
| 12 | 13 | 14 | 15 | 16 | 17 | 18 |
| 19 | 20 | 21 | 22 | 23 | 24 | 25 |
| 26 | 27 | 28 | 29 | 30 | 31 |  |

### June

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
|  |  |  |  |  |  | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 |  |  |  |  |  |  |

### July

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
|  | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | 30 | 31 |  |  |  |

### August

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
|  |  |  |  |  |  | 3 |
| 4 |  |  |  |  |  | 10 |
| 11 |  |  |  |  |  | 17 |
| 18 |  |  |  |  |  | 24 |
| 25 |  |  |  |  |  | 31 |

### September

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
| 1 |  |  |  |  |  | 7 |
| 8 |  |  |  |  |  | 14 |
| 15 |  |  |  |  |  | 21 |
| 22 |  |  |  |  |  | 28 |
| 29 |  |  |  |  |  |  |

### October

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
|  |  |  |  |  |  | 5 |
| 6 |  |  |  |  |  | 12 |
| 13 |  |  |  |  |  | 19 |
| 20 |  |  |  |  |  | 26 |
| 27 |  |  |  |  |  |  |

### November

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
|  |  |  |  |  |  | 2 |
| 3 |  |  |  |  |  | 9 |
| 10 |  |  |  |  |  | 16 |
| 17 |  |  |  |  |  | 23 |
| 24 |  |  |  |  |  | 30 |

### December

| Su | M | Tu | W | Th | F | Sa |
|----|----|----|----|----|----|----|
| 1 |  |  |  |  |  | 7 |
| 8 |  |  |  |  |  | 14 |
| 15 |  |  |  |  |  | 21 |
| 22 |  |  |  |  |  | 28 |
| 29 |  |  |  |  |  |  |

Krasley -- 002163

Yearly Calendar Template © 2017 Vertex42.com. Free to Print.